UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**JACQUELINE HAMILTON LEE,**
Individually,

      Plaintiff,

vs.                                                     CASE NO.

**ABC LIQUORS, INC., a Florida for
Profit Corporation d/b/a ABC FINE
WINE & SPIRITS,**

      Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JACQUELINE HAMILTON LEE ("Plaintiff" or "Lee") through undersigned counsel, files this Original Complaint and Demand for Jury Trial against Defendant, ABC LIQUORS, INC., a Florida for Profit Corporation doing business as ABC FINE WINE & SPIRITS, ("Defendant or "ABC"), and states as follows:

## PRELIMINARY STATEMENT

1. In enacting the Family Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), Congress wished to remedy its finding that employees with serious health conditions have "inadequate job security" when they have to leave work for temporary periods. *See* 29 U.S.C. § 2601(a)(4). The FMLA provides eligible employees, like Lee with unpaid, job-protected leave in the event they are suffering from a medical condition. 26 U.S.C. § 2612(a)(1). An employee that takes FMLA protected leave is entitled to return to the same position after coming back to work. 29 U.S.C. § 2614(a)(1). Further, the FMLA makes it unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C § 2615(a)(1). Likewise, it is unlawful for an employer to

1

discharge or discriminate against any individual for opposing any practice made unlawful under the FMLA. 29 U.S.C. § 2615(a)(2).

2. The Americans with Disabilities Act, 42 U.S.C. § 12101, *et. seq*., as amended (the "ADA"), is also a remedial statute aimed at combating Congress's findings that discrimination against individuals with physical or mental disabilities persist in critical areas like employment, and our nation's goals with respect to individuals with disabilities is to assure equality of opportunity and participation. 42 U.S.C. § 12101(a)(1)-(8). The ADA is meant to protect qualified employees, like Plaintiff, from discrimination, harassment and retaliation in the workplace an account of a real or perceived mental or physical disability. 42 U.S.C. § 12112. Therefore, termination on account of an employee's real or perceived disability is unlawful.

3. JACQUELINE HAMILTON LEE suffers from a serious medical condition entitling her to benefits under the FMLA that is also a disability entitling her to protection from discrimination under the ADA. Ms. Lee made Defendant aware of her condition, her anticipated treatment plan, and her need for FMLA leave. Ms. Lee applied for and was approved for FMLA leave starting January 28, 2018. On April 25, 2018, Ms. Lee had an appointment with her physician and received a "Return to Work Slip" with the limitation that she is permitted to wear a CAM Boot and be permitted to sit during work hours. On April 25, 2018, Janelle Nowicki, Defendant's Workers Compensation and Leave Administrator, sent Ms. Lee correspondence advising Ms. Lee that her FMLA leave ended on April 22, 2018 and as of April 23, 2018 her employment with ABC was terminated. Prior to the April 25, 2018 letter, Ms. Lee did not receive any correspondence from the Defendant regarding the date her FMLA leave was scheduled to end or when ABC expected her to return to work. It was not until Ms. Lee advised ABC that she was released to return to work with restrictions that she was advised her FMLA leave had ended three (3) days prior and her employment was terminated effective April 23,

2018. ABC interfered with Ms. Lee's ability to manage her own leave, and thereby, additionally interfered with her right to reinstatement under the FMLA. Further her termination is discriminatory and retaliatory in its own right since the Defendants terminated her on account of her disability, and further failed to accommodate Ms. Lee's restrictions.

4. Accordingly, Ms. Lee seeks all available relief in law and equity, including but not limited to: (i) a declaration from this Court that Defendant's actions were unlawful; (ii) back pay and front pay (where reinstatement is not feasible); (iii) medical expenses; (iv) compensatory damages in whatever amount she is found to be entitled; (v) liquidated damages in whatever amount she is found to be entitled; (vi) an award of interest, costs and reasonable attorney's fees and expert witness fees; (vii) punitive damages; (viii) equitable relief; (ix) declaratory relief; (x) pre-judgment and post-judgment interest (where allowable); and (xi) a jury trial on all issues so triable.

## JURISDICTION AND VENUE

5. This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, Title I of the ADA, as amended, and the FMLA, and has authority to grant declaratory relief under the ADA, FMLA and pursuant to 28 U.S.C. § 2201 et seq.

6. Venue properly lies in this judicial district under 28 U.S.C. §1391 because Defendant does business in this judicial district.

## PARTIES

7. At all times material to this action, Plaintiff was a resident of Punta Gorda, Charlotte County, Florida.

8. At all times material to this action, ABC LIQUORS, INC., was, and continues to be, a Florida for profit corporation, engaged in business in Florida, doing business in Charlotte County, Florida. Defendant can be served with process upon its registered agent Corporate

Creation Network, Inc., 801 US Highway 1, North Palm Beach, Florida 33408.

9. Further, at all times material to this action, Defendant was and continues to be engaged in business in Florida, doing business as ABC Fine Wine & Spirits in Charlotte County, Florida, and other counties throughout the State of Florida.

10. From in or around July 2015 to her termination on or about April 25, 2018, Plaintiff was employed as an Associate Manager working primarily in Defendant's Port Charlotte, Florida location.

11. At all times material to this action, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

12. Defendant owns and operates a chain of stores throughout the State of Florida selling fine wines & spirits.

13. Plaintiff worked as an Associate Manager at the Port Charlotte ABC Fine Wines & Spirits location.

14. The FMLA defines the term "employer" to broadly include "any person acting directly or indirectly in the interest of an employer in relation to any employee". 29 U.S.C. 2611(4)(ii)(I).

15. Defendant is an employer as defined under the FLMA.

16. At all times material to this action Defendant employed Plaintiff as an Associate Manager.

17. Defendant is an employer under the FMLA because it is engaged in commerce or in an industry affecting commerce and employed 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year.

18. At all times relevant hereto, Plaintiff worked at a location where Defendant employed 50 or more employees within 75 miles.

19. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she was employed by the employer for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

20. At all times material hereto, Plaintiff is a "qualified individual" under the ADA since she can perform the primary duties of her job with or without an accommodation. See 42 U.S.C. § 12111(8). .

21. At all times material hereto, Plaintiff had a disability as defined by 42 U.S.C. §12102 (1) and (2) that substantially limits one or more major life activities including major body functions. Plaintiff made this disability known to ABC and requested accommodation for her disability.

22. Plaintiff is covered by the ADA because she is an individual who:
   a. Has a physical impairment that substantially limits one or more major life activities or bodily functions;
   b. Has a record of physical impairment that substantially limits one or more major life activities or bodily functions; and/or
   c. Was regarded as having a physical impairment that substantially limits one or more major life activities or bodily functions.

23. Plaintiff is protected by both the FMLA and the ADA.

## CONDITIONS PRECEDENT

24. Plaintiff has exhausted her administrative remedies by filing a charge of discrimination and retaliation with the Equal Employment Opportunity Commission, which was dual filed with the Florida Commission on Human Rights.

25. On February 12, 2020, the EEOC issued plaintiff a Dismissal and Notice of Right to Sue against Defendant with regard to this matter. A copy of the Right to Sue letter is attached as **Exhibit A**.

26. Jurisdiction over this claim is appropriate pursuant to Fla. Stat. Chap. 760 (FCRA), because more than 180 days have passed since the filing of the charge, and the Court has supplemental jurisdiction over Plaintiff's pendant state court claims as they arise out of the same facts and circumstances as the federal claims.

27. All conditions precedent to this action have been satisfied and/or waived.

## GENERAL ALLEGATIONS

28. At all times relevant to this action, Defendant failed to comply with 29 U.S.C. § 2601, et seq., because Plaintiff validly exercised her rights pursuant to the FMLA and Defendant interfered with Plaintiff's right to take FMLA leave, failed to timely provide Plaintiff with notice of her rights under the FMLA, failed to properly account for her leave hours, failed to advise Plaintiff of her return to work, failed to reinstate Plaintiff to her same or similar position, and discriminated and retaliated against Plaintiff because she took FMLA leave by terminating her.

29. At all times relevant to this action, ABC failed to comply with 42 U.S.C. § 12101 et. seq., because Plaintiff disclosed the nature and extent of her disabilities, requested a reasonable accommodation and ABC terminated the Plaintiff because of her real or perceived disabilities.

30. Ms. Lee began employment with Defendant in or around July 2015.

31. Ms. Lee was hired as a full time Associate Manager and worked at the Defendant's Port Charlotte, Florida location.

32. On or about January 28, 2018, Ms. Lee suffered from a displaced fracture of the lateral malleolus of the right fibula and needed emergency surgery to repair the damage and recovery time.

33. Ms. Lee requested and was granted FMLA leave beginning on January 28, 2018.

34. On April 25, 2018, Ms. Lee had an appointment with her physician and received a "Return to Work Slip" with the limitation that she is permitted to wear a CAM Boot and be permitted to sit during work hours.

35. It was not until Ms. Lee advised ABC that she was released to return to work with restrictions that she was advised her FMLA leave had ended three (3) days prior and her employment was terminated effective April 23, 2018.

36. On April 25, 2018, Ms. Lee returned to work with the "Return to Work Slip" from her physician. Janelle Nowicki, Defendant's Workers Compensation and Leave Administrator, handed Ms. Lee correspondence dated April 25, 2018, advising Ms. Lee that her FMLA leave ended on April 22, 2018 and as of April 23, 2018 her employment with ABC was terminated.

37. Prior to the April 25, 2018 letter, Ms. Lee did not receive any correspondence from the Defendant regarding the date her FMLA leave was scheduled to end or when ABC expected her to return to work.

38. Prior to her termination Ms. Lee was not advised or provided notice of her last day of FMLA leave.

39. Ms. Lee was not advised or provided notice of her expected return to work date.

40. Defendant terminated Ms. Lee effective April 23, 2018.

41. On April 25, 2018, Ms. Lee, was advised for the first time of the date her FMLA leave was scheduled to end.

42. Had Ms. Lee been provided the required notices under the FMLA, she would have been able to manage her leave and ensure that she was returned to work within the time frame dictated by the FMLA.

43. Defendant failed to return the Plaintiff to her position upon returning from FMLA approved and protected leave.

44. Defendants failed to return the Plaintiff to any position upon returning from FMLA approved and protected leave.

45. Defendant's decision to terminate Ms. Lee was created post-hoc after Ms. Lee engaged in activity that is protected by both the FMLA and the ADA.

## COUNT I
## INTERFERENCE WITH FMLA RIGHTS

46. Plaintiff re-alleges paragraphs 1 through 45 of the Complaint, as if fully set forth herein.

47. At all times relevant hereto, Defendant interfered with Plaintiff's right to take leave from work under the FMLA.

48. At all times relevant hereto, Defendant interfered with Plaintiff's right to manage her own leave under the FMLA.

49. At all times relevant hereto, Defendant interfered with Plaintiff's right to be reinstated to her own or an equivalent position.

50. At all times relevant hereto, Defendant's interference with Plaintiff's right to take leave from work violated the FMLA.

51. At all times relevant hereto, Defendant's interference with Plaintiff's right to manage her own leave violated the FMLA.

52. At all times relevant hereto, Defendant's interference with Plaintiff's right to reinstatement violated the FMLA.

53. Plaintiff suffered from a disability that also qualifies as a "serious health condition" within the meaning of the FMLA.

54. Plaintiff's condition is "chronic" within the meaning of the FMLA.

55. Plaintiff was entitled to FMLA protected leave.

56. Defendant is subject to the requirements of the FMLA.

57. Plaintiff provided adequate notice of her serious health condition to Defendant.

58. Defendant was aware of Plaintiff's health condition and her need for FMLA protected leave.

59. Defendant failed to provide Plaintiff adequate notice of her rights under the FMLA.

60. Plaintiff requested leave related to her health condition.

61. Defendant failed to notify Plaintiff of her last day of FMLA leave and her expected return to work date as required by the FMLA.

62. Plaintiff disclosed her intent to return to work.

63. Defendant failed to advise Plaintiff and provide notice of the end of her FMLA leave and her expected return to work date.

64. Defendant terminated Plaintiff.

65. By terminating Plaintiff, Defendant interfered with Plaintiff's right to reinstatement and to future FMLA benefits.

66. Plaintiff was denied benefits to which she was entitled under the FMLA.

67. As a result of Defendant's intentional, willful and unlawful acts by interfering with Plaintiff's rights pursuant to the FMLA, Plaintiff has suffered damages..

68. Plaintiff is entitled to liquidated damages because Defendant cannot show that its violation of the FMLA was in good faith.

69. Defendant's violation of the FMLA was willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the FMLA.

70. Plaintiff demands a trial by jury.

WHEREFORE Plaintiff, JACQUELINE HAMILTON LEE, demands judgment against Defendant for compensatory damages in whatever amount she is found to be entitled; liquidated damages in whatever amount she is found to be entitled, an award of interest, costs and reasonable attorney fees and expert witness fees, other monetary damages, equitable relief, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II
## RETALIATION

71. Plaintiff re-alleges paragraphs 1 through 45 of the Complaint, as if fully set forth herein.

72. At all times relevant hereto, Defendant retaliated against Plaintiff, at least in part because Plaintiff exercised her right or attempted to exercise her right to take leave from work that was protected under the FMLA.

73. With actual knowledge of Plaintiffs return from leave, disability and health condition, Defendant terminated Plaintiff's employment.

74. At all times relevant hereto, Defendant retaliated against Plaintiff in violation of the FMLA.

75. As a result of Defendant's intentional, willful and unlawful acts of retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages..

76. Because Defendant cannot prove that their violation of the FMLA was in good faith, Plaintiff is entitled to liquidated damages.

77. Defendant's violation of the FMLA was willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the FMLA.

WHEREFORE Plaintiff, JACQUELINE HAMILTON LEE, demands judgment against Defendant for compensatory damages in whatever amount she is found to be entitled; liquidated damages in whatever amount she is found to be entitled, an award of interest, costs and reasonable attorney fees and expert witness fees, other monetary damages, equitable relief, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III
## DISCRIMINATION IN VIOLATION OF THE ADA

78. Plaintiff re-alleges paragraphs 1 through 45 of the Complaint, as if fully set forth herein.

79. Plaintiff is a qualified individual under 42 U.S.C. 12111(8) in that she suffered from a disability, Defendant perceived her as having a disability, she has the requisite education and skills to perform and can perform the essential functions of her position, and either held or desired to hold a position with ABC.

80. ABC is an "employer" within the meaning of the ADA.

81. Plaintiff was a qualified employee.

82. Plaintiff engaged in protected activity under the ADA.

83. On April 25, 2018, ABC, through Janelle Nowicki, ABC's Workers Compensation and Leave Administrator sent Ms. Lee a letter dated April 25, 2018 advising her that as of April 23, 2018 her FMLA leave had expired and her employment was terminated.

84. With actual knowledge of Plaintiff's disability and reason for leave and her return from leave, ABC terminated Plaintiff's employment.

85. ABC wrongfully terminated, discriminated against, harassed, failed to accommodate, and made Plaintiff endure a hostile work environment on the basis of her disabilities, real or perceived, in violation of the ADA and 42 U.S.C. § 12112.

86. Plaintiff has been damaged by ABC's violation of the ADA and suffered damages which include past and future wages and benefits, loss of reputation, loss of savings and detrimental effect on her credit, emotional distress, and mental pain and anguish.

87. Defendant's violation of the ADA was willful.

88. Plaintiff demands trial by jury.

WHEREFORE Plaintiff, JACQUELINE HAMILTON LEE, demands judgment against ABC for economic damages in whatever amount she is found to be entitled, compensatory damages in whatever amount she is found to be entitled; punitive damages in whatever amount she is found to be entitled, an award of interest, costs and reasonable attorney fees and expert witness fees, other monetary damages, equitable relief, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT IV
## RETALIATION, INTERFERENCE, COERCION
## AND/OR INTIMIDATION OF PLAINTIFF FOR EXERCISING RIGHTS ADA

89. Plaintiff re-alleges paragraphs 1 through 45 of the Complaint, as if fully set forth herein.

90. Title I of the ADA, 42 U.S.C. § 12111 requires that ABC provide reasonable accommodations to otherwise qualified employees, such as Plaintiff, with disabilities, including but not limited to leave as an accommodation.

91. During the time Plaintiff was employed by ABC, Plaintiff engaged in protected activity under the ADA.

92. Plaintiff also opposed acts and practices made unlawful by the ADA including, but not limited to, failing to accommodate Plaintiff's disability, and/or subjecting Plaintiff to harassment, and/or discrimination on the basis of his disability.

93. ABC retaliated and discriminated against Plaintiff for engaging in said protected activity.

94. During the time Plaintiff was employed by ABC, she exercised and /or enjoyed rights granted and/or protected by the ADA, including, but not limited to, requesting and making use of reasonable accommodations for her disability.

95. After her termination, Plaintiff filed a charge of discrimination with the EEOC alleging ABC discriminated and retaliated against Plaintiff on account her known or perceived disability.

96. Defendant coerced, intimidated, and/or threatened Plaintiff on account of her having exercised and/or enjoyed rights granted and/or protected by the ADA.

97. Defendant interfered with Plaintiff in the exercise and/or enjoyment of rights granted and/or protected by the ADA.

98. Defendant terminated Plaintiff's employment after she exercised a right afforded under the ADA.

99. Defendant, through Janelle Nowicki, ABC's Workers Compensation and Leave Administrator sent Ms. Lee a letter dated April 25, 2018 advising her that as of April 23, 2018 her FMLA leave had expired and her employment was terminated.

100. With actual knowledge of Plaintiff's return from leave and need for a reasonably necessary medical accommodation for her disability Defendant terminated Plaintiff's employment.

101. Under the ADA, ABC was legally obligated to refrain from retaliating against

Plaintiff because of her request for accommodation of medical leave for her disability and a reasonably necessary accommodation upon her return from approved FMLA leave.

102. Under the ADA, ABC was legally obligated to refrain from retaliating against Plaintiff because of her objection to illegal discrimination based on her disability.

103. Notwithstanding this obligation under the ADA and in willful violation thereof, Defendant retaliated against Plaintiff because she disclosed her disability, requested a reasonable accommodation of medical leave of absence and requested a reasonable accommodation upon her return from approved FMLA leave.

104. As a direct and proximate result of Defendant's retaliation, interference, coercion and/or intimidation in violation of the ADA, Plaintiff has suffered damages in an amount to be determined at trial.

105. Plaintiff demands trial by jury.

WHEREFORE Plaintiff, JACQUELINE HAMILTON LEE, demands judgment against Defendant for economic damages in whatever amount she is found to be entitled, compensatory damages in whatever amount she is found to be entitled; punitive damages in whatever amount she is found to be entitled, an award of interest, costs and reasonable attorney fees and expert witness fees, other monetary damages, equitable relief, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## COUNT V
## UNLAWFUL DISCRIMINATION/RETALIATION IN VIOLATION OF THE FLORIDA CIVIL RIGHTS ACT

106. Plaintiff re-alleges paragraphs 1 through 45 of the Complaint, as if fully set forth herein.

107. Plaintiff's condition substantially limited one or more of Plaintiff's major life activities. Plaintiff's condition was a disability or handicap as defined by the FCRA.

108. Plaintiff was qualified to perform the essential functions of her job, with or without reasonable accommodation.

109. Plaintiff requested a reasonable accommodation.

110. ABC was aware of Plaintiff's disability, and/or regarded Plaintiff as disabled because of her disability.

111. ABC terminated Plaintiff on the basis of her disability or because Defendant regarded Plaintiff as disabled because of her disability in violation of the FCRA. Further, Defendant terminated Plaintiff in retaliation for having requested a reasonable accommodation.

112. As a result of ABC's conduct set forth above, Plaintiff is entitled to compensation for any and all lost wages and benefits, compensatory damages, and reasonable attorney's fees and costs.

113. ABC engaged in discrimination and retaliation against Plaintiff with malice and reckless indifference to Plaintiff's rights under the FCRA.

114. Plaintiff suffered emotional pain and mental anguish as a direct result of ABC's unlawful discrimination and retaliation.

115. Plaintiff has suffered pecuniary losses as a direct result of ABC's unlawful discrimination and retaliation.

116. As a result of ABC's unlawful discrimination and retaliation, Plaintiff has suffered and continues to suffer damages.

117. Plaintiff demands trial by jury.

WHEREFORE Plaintiff, JACQUELINE HAMILTON LEE demands judgment against ABC for economic damages in whatever amount she is found to be entitled, compensatory damages in whatever amount she is found to be entitled; punitive damages in whatever amount she is found to be entitled, an award of interest, costs and reasonable attorney fees and expert

witness fees, other monetary damages, equitable relief, declaratory relief, and any and all further relief that this Court determines to be just and appropriate.

## JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

Dated this 7th day of April, 2020.

Respectfully submitted,

**MORGAN & MORGAN, P.A.**
*/s/ Paul M. Botros*
Paul M. Botros, Esq.
FL Bar No.: 063365
8151 Peters Road
Suite 4000
Tel: 954-318-0268
Fax: 954-327-3017
E-mail: pbotros@forthepeople.com

*Trial Counsel for Plaintiff*